## Sofia v. Cicala

*Thomas J. Foley III,* for plaintiffs.
*John R. Nealon,* for defendant.

VICAN, *P.J.,* March 17, 2010—This case arises out of an automobile accident that occurred on April 22, 2006 at the intersection of State Routes 196 and 611 in Monroe County, Pennsylvania. Michael J. Sofia and Kathleen Sofia (plaintiffs) commenced this action by a complaint dated January 9, 2008 alleging personal injuries as a result of the accident. Christopher M. Cicala (defendant) filed an answer on March 26, 2008. The parties filed numerous motions during discovery, not all of which will be discussed here. Most recently, oral argument was held on February 1, 2010. The following issues are now before the court: (1) Should plaintiffs be compelled to answer any outstanding written discovery?; and (2) May this court compel defendant's insurer, Geico, to comply with a subpoena served on it by plaintiffs?

## SHOULD PLAINTIFFS BE COMPELLED TO ANSWER OUTSTANDING DISCOVERY?

On July 13, 2009, defendant filed a second request for production of documents seeking the following information from plaintiffs:

(1) Produce a copy of your resume or curriculum vitae.

(2) Produce copies of any certifications that you have obtained since April 22, 2006.

(3) Produce your application and any employment records in your possession from JLN and Monroe County/the Monroe County Correctional Facility.

(4) Please produce any and all documents that substantiate the wage loss claim in this matter.

(5) Please produce any and all documents that substantiate your claim for out-of-pocket expenses for health insurance costs.

(6) Produce a copy of your termination letter from the Monroe County Correctional Facility.

(7) Produce any documents in your possession with reference to your claim for family medical leave.

(8) Produce copies of your pay stubs for the seven years before the accident and every year since.

(9) Produce your tax returns, including W-2s and associated documents, for the seven years before the accident and every year since.

(10) Produce copies of your credit card bills for seven years before the accident and every year since.

(11) Produce any and all documents supporting your claim that your bankruptcy was caused by the accident in question including the non-privileged portions of your bankruptcy attorney's file.

(12) Produce any and all medical liens that have been asserted against you including but not limited to those asserted by Blue Cross as well as the bills that underline those liens, if at all.

(13) Produce any paperwork in your possession generated as a result of your claim for unemployment compensation.

(14) Produce a copy of your policy with AFLAC, including a dec page.

(15) Produce any documents submitted to or received from AFLAC on your behalf since April 22, 2006.

Plaintiffs objected to defendant's second request for documents on August 17, 2009. On October 28, 2009, defendant filed a motion to compel plaintiffs' answers to the second request. Plaintiffs answered defendant's motion to compel on November 23, 2009. In the same motion, plaintiff filed a cross-motion to compel discovery by defendant, alleging that defendant's responses to interrogatories were not in compliance with Pennsylvania Rules of Civil Procedure. Defendant filed an answer to plaintiffs' cross-motion to compel discovery on December 23, 2009.

First, we find that defendant responded to plaintiffs' interrogatories and request for production of documents under a letter dated April 3, 2008. Accordingly, plaintiffs' cross-motion to compel discovery is denied.

Next, plaintiffs claim that they have already provided discovery for requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15 in response to defendant's first request for production.[1] (P.s' brief, 1/29/10, pp. 7-8.) Defendant claims that as of December 23, 2009, the defense has not received the requested information. After review, we find that a number of defendant's requests have already been provided by plaintiffs. To the extent that additional information relating to defendant's requests becomes available, plaintiffs shall provide defendant with the information if it alters plaintiffs' original responses. Pa.R.C.P. 4007.4(2) ("A party or an expert witness is under a duty seasonably to amend a prior response if he or she obtains information

---

1. Plaintiffs' brief in support of their position on discovery motions scheduled for argument on February 1, 2010 will be cited to as follows: (P.s' brief, 1/29/10, p.___.)

upon the basis of which he or she knows (i) the response was incorrect when made, or (ii) the response though correct when made is no longer true.").

With regards to the bankruptcy documents contained in request 11, this information is a matter of public record filed with the Bankruptcy Court and is available through the Federal Court's PACER system or Westlaw. *Id* at 8.

The only outstanding request is 10, which asks for plaintiffs' credit card bills for seven years prior to the accident and each year since. Pennsylvania Rules of Civil Procedure provide the following guidance on proper issues for discovery:

"(a) [A] party may obtain discovery regarding any matter, not privileged, *which is relevant to the subject matter involved in the pending action,* whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Pa.R.C.P. 4003.1(a). (emphasis added)

Defendant contends that the credit card statements are relevant to this proceeding "to substantiate plaintiffs' wage loss claim."[2] (D.'s brief, 12/23/09, p. 3.) We find defendant's contention valid and plaintiffs shall produce as many of the credit card statements as they possess. To

---

2. Defendant's brief in support of motion to compel answers to defendant's second request for documents will be cited to as follows: (D.'s brief, 12/23/09, p.___.)

the extent that plaintiffs are not in possession of the statements, plaintiffs are excused from production as it is impossible for them to produce something that they do not have. See Pa.R.C.P. 4009.12(b)(5) (A party answering a discovery request shall "state that after reasonable investigation, it has been determined that there are no documents responsive to the request.").

## MAY THIS COURT COMPEL GEICO TO COMPLY WITH A SUBPOENA SERVED ON IT BY PLAINTIFFS?

On or about January 18, 2008, plaintiffs served on defendant a notice of intent to serve subpoena pursuant to Pa.R.C.P. 4009.21. Said subpoena required defendant's insurer, Geico, to produce the following:

"(1) all documents or records (including activity log) relating to the 4-4-06[3] motor vehicle accident involving the parties hereto, this lawsuit and/or Geico claim number: 009064320-0101-101, including but not limited to, any investigation, liability, property damage or first-party benefit file; and

"(2) any and all policies of insurance which are, and/or may be applicable of this claim and case.

"(The document request shall not be deemed required disclosure of:

"(1) the insurer's mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactic; or

---

3. While the subpoena states that the accident occurred on April 4, 2006, the incident took place on April 22, 2006.

"(2) attorney-client privilege materials)."

On February 4, 2008, defendant filed objections to plaintiffs' subpoena directed to Geico on the basis that Geico's claim office is located in Fredericksburg, Virginia and alleging that the Monroe County Court of Common Pleas has no subpoena power outside the Commonwealth of Pennsylvania. In response, plaintiffs filed a motion to overrule defendant's objections. We find that this court has subpoena power over Geico on the basis that it is a corporation doing business in the Commonwealth, giving this court personal jurisdiction over Geico.

Pennsylvania has statutorily defined the basis for personal jurisdiction over an out-of-state corporation as the following:

"[T]he following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:

"(2) Corporations—

"(iii) The carrying on of a continuous and systemic part of its general business within this Commonwealth." 42 Pa.C.S §5301(a)(2)(iii).

Geico unquestionably carries on a continuous and systemic part of its business in Pennsylvania. The company's website lists two Geico sales offices and agents in eastern Pennsylvania, one in Scranton and another in

Allentown.[4] (P.s' motion, 11/23/09, exhibit F.) Geico holds three insurance carrier licenses in the Commonwealth. (P.s' motion, 11/23/09, exhibit K.) The company placed an advertisement in the Lackawanna Bar Association journal seeking applications for local "in-house" litigation counsel. (P.s' motion, 11/23/09, exhibit L.) Finally, consumer information listed on the website for the Insurance Department of Pennsylvania indicates that in 2008, Geico collected $186,091,179 in premiums on Pennsylvania policies. (P.s' motion, 11/23/09, exhibit K.)

Thus, this court has personal jurisdiction over Geico and the resulting authority to require that the company comply with the subpoena served on it by plaintiff. As such, defendant's objections to the Geico subpoena are overruled.

## ORDER

And now, March 17, 2010, based on the foregoing, the discovery motions are decided as follows:

(1) Plaintiffs' cross-motion to compel discovery is denied.

(2) With respect to defendant's motion to compel discovery of plaintiffs' credit card statements, plaintiffs shall produce as many of the credit card statements as they possess. To the extent that plaintiffs are not in possession of the statements, plaintiffs are excused from production

---

4. Plaintiffs' motion to overrule defendant's objections to the Geico subpoenas will be cited to as follows: (P.s' motion, 11/23/09, exhibit __.)

as it is impossible for them to produce something that they do not have.

(3) Defendant's objections to the Geico subpoena are denied.